The document below is hereby signed.

Signed: February 10, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 10-01094 |
| ROBERT MARK MORDKIN, | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER TO SHOW CAUSE

On November 3, 2011, the debtor commenced the above-captioned case under chapter 7 of the Bankruptcy Code and filed his schedules (Dkt. No. 1). In his Schedule E, the debtor seeks to exempt from the bankruptcy estate "Contractual additional compensation receivable from employer for January - October, 2010. Contingent upon Debtor's performance under executory employment contract" pursuant to D.C. § 16-572. Creditor Alpine Bank has filed an objection to this exemption on the basis that the "additional compensation" does not fall within the definition of wages or compensation for purposes of § 16-572 but, instead, is a "profit-sharing distribution" falling outside the scope of § 16-572. The court, however, sees perhaps a more fundamental issue with the exemption.

D.C. Code § 16-572 is based off of a nearly identical garnishment provision of the federal Consumer Credit Protection Act. 15 U.S.C. § 1673(a). The Supreme Court in *Kokoszka v. Belford*, 417 U.S. 642 (1974), determined that the federal garnishment provision of the Consumer Credit Protection Act was not intended to serve as an exemption in bankruptcy. *See id.* at 651-52 ("There is no indication, however, that Congress intended drastically to alter the delicate balance of a debtor's protections and obligations during the bankruptcy procedure. We therefore agree with the Court of Appeals that the Consumer Credit Protection Act does not restrict the right of the trustee to treat the income tax refund as property of the bankrupt's estate."). Integral to this determination was the Court's finding that "the Consumer Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if despite is protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act." *Id.* at 651. Regarding this case, the issue can similarly be framed as whether the District of Columbia intended § 16-572 "to prevent consumers from entering bankruptcy in the first place" or whether, in addition, it was intended to serve as an exemption available in bankruptcy by operation of § 522(b)(3) of the Bankruptcy Code. Although there are no District of Columbia cases directly on point, courts from other jurisdictions

interpreting similar state statutes have addressed this issue.

In *In re Irish*, 311 B.R. 63 (8th Cir. B.A.P. 2004), the Eight Circuit Bankruptcy Appellate Panel found that Iowa's garnishment protection statutes were available to debtor's in bankruptcy. *Id.* at 67. The Panel made this determination based on the express language in Iowa's bankruptcy wage exemption provision, Iowa Code § 627.6(9)(c) (now § 627.6(10)), which provides that the wage exemption was "in addition to the limitations contained in" the garnishment protection statute. *Id.*

Similarly, in *In re Jones*, 318 B.R. 841 (Bankr. S.D. Ohio 2005), the Ohio Bankruptcy Court found that § 1673 of the federal Consumer Credit Protection Act, the very section the Supreme Court in *Kokoska* found was not intended to serve as a federal exemption, was available as a state exemption in bankruptcy under Ohio law by virtue of Ohio Rev. Code § 2329.66(a)(17), which exempts "[a]ny other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statute other than the 'Bankruptcy Reform Act of 1978 . . . ." *Id.* at 845-46. Importantly, the Ohio Bankruptcy Court noted that "the *Kokoszka* decision has no bearing on whether Ohio intended to include § 1673 of the CCPA within its state exemption list nor does it prevent the garnishment protection within the CCPA from being adopted as a bankruptcy exemption in an opt-out state."

*Id.* at 847.  Ultimately, the Ohio Bankruptcy Court relied on the express language of the state exemption statute and found that Ohio intended the garnishment protections afforded by the CCPA to apply in bankruptcy.  *Id.*

Going the other way, the Vermont Federal District Court in *In re Riendeau*, 293 B.R. 832 (D. Vt. 2002), *affirmed per curiam*, 336 F.3d 78 (2d. Cir. 2003), found that the Vermont garnishment protection statute was not applicable in bankruptcy.  *Id.* at 837.  Vermont had a so-called "trustee process" whereby a judgment creditor may, by such process, reach obligations due a judgment debtor.  In turn, 12 Vt. Stat. Ann. § 3107(b)(1) provided an exemption of part of a debtor's earnings from such process.  Relying on the text of the statute itself, the Vermont District Court found that the "[p]lain language of § 3170 alone, through its use of terms such as 'judgment debtor' and the fact that it clearly establishes trustee process as its context, precludes its applicability to bankruptcy."  *Id.* at 836.

Ultimately, these cases serve to underscore the point initially made: it comes down to whether the District of Columbia intended § 16-572 to apply in bankruptcy.  And, based on the language of § 16-572 and District of Columbia case law, I have doubts that it does.

Like the statute at issue in *Riendeau*, § 16-572 uses the term "judgment debtor" and speaks of priorities that are clearly

not applicable in bankruptcy.  Instead of providing that wages are "exempt" from attachments, § 16-572 speaks instead of the extent to which an attachment becomes a lien on wages due the judgment debtor.  The statute deals with the consequences of an attachment, not exceptions in bankruptcy.  Making § 16-572 distinguishable from the Ohio statute at issue in *Jones*, D.C. Code § 15-501, the D.C. exemptions typically applicable in bankruptcy, makes no reference to § 16-572.[1]

Although, for the foregoing reasons, I doubt whether § 16-572 serves as an exemption in bankruptcy in the first instance, because the court has raised the issue *sua sponte*, the parties are entitled to an opportunity to address the issue. Accordingly, it is

ORDERED that within 14 days of the entry of this order the parties may file supplemental memoranda addressing whether § 16-

---

[1] Although § 15-501 contains most of the D.C. exemptions applicable in bankruptcy, there is at least one instance in which property has been exempted by a different provision. Specifically, D.C. Code § 31-4716 exempts an insurance policy in favor of certain beneficiaries other than the debtor from the reach of creditors by providing that the beneficiaries "shall be entitled to its proceeds and avails against the creditors and representatives of the insured . . . ."  This suffices to permit the debtor to exempt the cash surrender value of the policy from the bankruptcy estate (of which it would otherwise be a part if not claimed exempt). *See In re Davis*, 275 B.R. 134 (Bankr. D.D.C. 2002).  In contrast, § 16-572 contains no similar language to support holding that it can be invoked as an exemption to deprive creditors in general of a percentage of the accumulated wages as an asset of the bankruptcy estate.  Instead, it appears aimed at only fixing the extent of the lien that arises when there is an attachment by a judgment creditor.

5

572 applies in bankruptcy and, upon the parties' request, the court will hold a hearing on the matter.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings in case.